

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAGE PROFESSIONALS GMBH d/b/a STOCKFOOD,<br><br>               Plaintiff,<br><br>v.<br><br>FRANCIS WATERS, INC. d/b/a PEPPER FARM DELI,<br><br>               Defendant. | Case No.:  3:25-cv-03215-JES-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**<br><br>**[ECF No. 12]** |

This cause is before the Court upon Plaintiff Image Professionals GmbH d/b/a StockFood's ("Plaintiff") Motion for Entry of Default Judgment and Permanent Injunction. ECF No. 12. ("Mot."). The Court has considered the Motion, has noted the Clerk's default against defendant Francis Waters, Inc. d/b/a Pepper Farm Deli ("Defendant"), and is otherwise advised. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Court concludes that Plaintiff has met its burden of showing that it is entitled to a final default judgment as to Defendant. Plaintiff has also met its burden of showing that it is entitled to

permanent injunctive relief against Defendant as specified herein. For the reasons stated below and good cause having been shown, the motion is **GRANTED**.

## I.   BACKGROUND

### A. Procedural Background

On November 19, 2025, Plaintiff filed its Complaint in this action alleging a single cause of action for copyright infringement of one (1) photograph against Defendant. ECF No. 1. On November 28, 2025, Defendant was served with a copy of the Summons and Complaint in this action. ECF No. 4. Defendant's response/answer to the Complaint was due on December 19, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On April 7, 2026, Plaintiff filed its Request for Entry of Clerk Default. ECF No. 10. The Clerk of Court entered a Clerk's Default against Defendant that same day. ECF No. 11.

### B. Factual Background

StockFood GmbH was originally started in 1979 to create the largest premium collection of food images on the international photography market. ECF No. 1 ("Compl.") ¶ 6. Today, Plaintiff has amassed the world's largest collection of professional food images, videos, and recipes, with approximately 1 million images offered from a collection of 1,500 different photographers. *Id.* The content is offered for license on Plaintiff's StockFood website (https://usa.stockfood.com/). *Id.* ¶ 7. In 2019, Plaintiff was renamed to Image Professionals GmbH to account for its expansions into libraries beyond food photography and the provision of services to image professionals throughout the world. *Id.* Plaintiff's image library was previously made available for license in the United States through its wholly-owned subsidiary, StockFood America, Inc. ("StockFood America"). *Id.* ¶ 8. In November 2020, however, Plaintiff and StockFood America entered into a Rights Transfer and Stock Purchase Agreement whereby StockFood America assigned and transferred to Plaintiff all of its copyrighted materials and registrations, including the work(s) at issue herein and their corresponding registrations with the Register of Copyrights. *Id.*

3:25-cv-03215-JES-AHG

One of Plaintiff's professional contributor photographers created a professional photograph of a bowl of clam chowder (titled "00638229") (the "Work"). *Id.* ¶ 9. A copy of the work is displayed below:



ECF No. 12-1 at 3. The Work was registered by StockFood America with the Register of Copyrights and was assigned a registration number thereby. *Id.* ¶ 10. Plaintiff and the subject contributor photographers were parties to one or more written agreements whereby such photographers conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. *Id.* ¶ 11. Such written agreement(s) also convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. *Id.* Such written agreement(s) likewise authorize Plaintiff or its wholly-owned subsidiary, StockFood America to register any of the contributor photographers' photographs with the US Copyright Office with Plaintiff as the claimant to the extent such contributor photographers have not already done so. *Id.*

Defendant owns and operates a restaurant and deli. *Id.* ¶ 12. Defendant advertises/markets its business through its website (https://pepperfarmdeli.com/), social media (e.g., https://www.facebook.com/pepperfarmdeli and https://www.instagram.com/pepperfarmdeli/), and other forms of advertising. *Id.* ¶ 13. On

3:25-cv-03215-JES-AHG

dates after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business, as seen below. *Id.* ¶ 14.



ECF No. 12-1 at 8-9. Defendant is not and has never been licensed to use or display the Work. *Id.* ¶ 16. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use. *Id.* Defendant utilized the Work for commercial use. *Id.* ¶ 17. Plaintiff alleged upon information and belief that Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use. *Id.* ¶ 18. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in June 2024. *Id.* ¶ 19. Following such discovery, Plaintiff notified Defendant in writing of such unauthorized use. *Id.*

//

//

//

3:25-cv-03215-JES-AHG

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth two steps to obtain a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the Court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent. Fed. R. Civ. P. 55(b)(2).

The Court need not make detailed findings of fact in the event of a default judgment. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The general rule is that, upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). The Ninth Circuit has identified several factors (the "*Eitel* factors") that courts may consider before entering default judgment: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III.    JURISDICTION AND SERVICE OF PROCESS

"'Before entering default judgment against a non-appearing party, district courts have an affirmative duty to consider subject matter jurisdiction, personal jurisdiction, and service.'" *Wareka v. Lucy & Cox Beauty LLC*, No. 25-cv-693-RSH-SBC, 2026 WL 841189, at *2 (S.D. Cal. Jan. 22, 2026) (quoting *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1126 (C.D. Cal. 2023)).

Here, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has general personal jurisdiction over defendant, which was incorporated in California. *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) ("The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business.").

The Court next addresses whether Defendant was properly served. *See S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). Defendant was properly served. "[A] domestic … corporation, … that is subject to suit under a common name, must be served in a judicial district of the United States by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…." Fed. R. Civ. P. 4(h)(1)(B); *see also* Cal. Corp. Code § 17701.16(b). Here, Plaintiff served Defendant by leaving the Summons and Complaint with a manager of Defendant who was authorized by appointment or law to receive service of process for Defendant. *See* ECF No. 4.

## IV.   LEGAL ANALYSIS

### A. The *Eitel* Factors Weigh in Favor of Granting Default Judgment

#### 1.   Prejudice to Plaintiff if Default is Not Granted

The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. Here, absent entry of a default judgment, Plaintiff will be prejudiced as they will be without recourse with respect to Defendant's conduct. *See Marohn v. Yu*, No. 1:22-cv-01070-ADA-SAB, 2022 WL 1798644, at *6 (E.D. Cal. Dec. 29, 2022) ("If default judgment is not entered, Plaintiff is effectively denied a remedy for the violations of his copyright as alleged, until such time as the Defendant in this action decides to appear in the litigation, which may never occur.").

#### 2.   The Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors instruct the Court to evaluate the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. In doing so, the Court looks to the complaint to determine if the allegations contained therein are sufficient to state a claim for the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Here, Plaintiff brings one claim of copyright infringement under 17 U.S.C. § 501, which allows the owner of a copyright to institute an action against an infringer of that copyright.

3:25-cv-03215-JES-AHG

The Copyright Act, 17 U.S.C. § 501(a), provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] ... is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Copyright infringement claims have two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

### a. Plaintiff Owns a Valid Copyright

With respect to the first element of a copyright infringement claim, a certificate of registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). When the plaintiff presents such evidence, the burden shifts to the defendant to "rebut[] the facts set forth in the copyright certificate." *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011). Here, one of Plaintiff's professional contributor photographers created a professional photograph of a bowl of clam chowder (titled "00638229") (the "Work") which was registered by StockFood America (Plaintiff's wholly-owned subsidiary who transferred all of its rights to Plaintiff in November 2020) with the Register of Copyrights on March 13, 2008, and was assigned Registration No. VA 1-652-309.

Plaintiff and the subject contributor photographer(s) are parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. Such written agreement(s) likewise authorize Plaintiff (or its wholly-owned subsidiary, StockFood America) to register any of the contributor photographer(s)' photographs with the US Copyright Office (with Plaintiff as the claimant)

7

3:25-cv-03215-JES-AHG

to the extent such contributor photographer(s) have not already done so. By virtue of its default, Defendant does not have any right to challenge Plaintiff's registration/ownership of a valid copyright.

### b. Defendant Copied the Work

The second element of a copyright infringement claim, copying, may be established by showing the defendant (1) had access to the work, and (2) the two works are "substantially similar" in idea and expression. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000); *see also Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984-85 (9th Cir. 2017) ("If there is no direct evidence of copying, a plaintiff may prove this element through circumstantial evidence that (1) the defendant had access to the copyrighted work prior to the creation of defendant's work and (2) there is substantial similarity of the general ideas and expression between the copyrighted work and the defendant's work.").

Here, the screenshots of Defendant's website unequivocally show Defendant's copying of the Work:



Defendant's Website     Photo of the Work

Defendant's default further constitutes an admission as to such copying. There is no factual or subjective issue of "substantial similarity" here as Defendant copied and published a

duplicate image of each photograph comprising the Work. Thus, Defendant undisputedly copied Plaintiff's copyrighted work.

### 3. The Sum of Money at Stake in the Action

The sum of money at stake in this action also weighs in favor of granting default judgment. Plaintiff seeks $50,000.00 in statutory damages with respect to Defendant's copyright infringement of the Work. The amount being sought is far below the $150,000.00 maximum that could be available to Plaintiff on its claim for copyright infringement. Courts consider "Plaintiffs declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." *Atlantis Employment Services, LLC v. Gravity Defyer Medical Tech. Corp.*, No. 2:25-cv-11231-MCS-JDE, 2026 WL 1674272, at *3 (C.D. Cal. June 4, 2026). The amount of damages being sought herein – which falls far below the statutory maximum penalties – is not an excessive amount of money in light of the allegations contained in the Complaint. *See, e.g., Bowers v. BCG Att'y Search, Inc.*, No. 2:24 cv-03944-HDV-MAAx, 2025 WL 516192 (C.D. Cal. Jan. 13, 2025) (holding that fourth *Eitel* factor favors entry of default judgment for $30,000.00 in statutory damages for each of five photographs at issue for a total of $150,000.00); *Michael Grecco Prods., Inc. v. StudioBinder Inc.*, No. 8:24-cv-01649-DOC-AJR, 2024 WL 4800653 (C.D. Cal. Oct. 8, 2024) (holding that fourth *Eitel* factor favors entry of $80,000.00 default judgment for copyright infringement of single photograph); *Sportswire v. Chat Sports, Inc.*, No. 2:21-cv-00098-CAS-MRWx, 2021 WL 2354508 (C.D. Cal. June 7, 2021) (holding that fourth *Eitel* factor favors entry of $30,000.00 default judgment for copyright infringement of single photograph); *Loiseau v. Reel Network LLC*, No. 2:17-cv-08998-SVW-SS, 2018 WL 6039834 (C.D. Cal. July 26, 2018) (holding that fourth *Eitel* factor favors entry of $30,000.00 default judgment for copyright infringement of single photograph); *Corson v. Atherton*, No. 2:18-cv-01304-CAS(PLAx), 2020 WL 2404915, at *3 (C.D. Cal. May 11, 2020) (holding that fourth *Eitel* factor favors entry of default judgment as $30,000.00 in statutory damages for infringement of single photograph "is not so large or unreasonable so as to preclude the entry of default judgment").

3:25-cv-03215-JES-AHG

### 4.  The Possibility of a Dispute Concerning Material Facts

The next *Eitel* factor considers the possibility of a dispute concerning material facts. As discussed above, Plaintiff has sufficiently alleged copyright infringement. This factor weighs in favor of entering default judgment as there is no possibility of dispute regarding the material facts due to the factual allegations in the Complaint being taken as true upon Defendant's default. *See, e.g., DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007).

### 5.  Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendant's default resulted from excusable neglect. Courts have found that where a defendant was "properly served with the Complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

As evidenced by the docket, the Defendant was served with the Summons and Complaint. ECF No. 4. Further, Plaintiff made multiple attempts (both pre-suit and during the course of litigation) to contact Defendant with respect to this matter, and despite Defendant knowing about the claim, Defendant decided to ignore this matter entirely. *See* Mot. at 11. Defendant had every opportunity to appear in this action and proffer a defense. It chose not to do so. Accordingly, this *Eitel* factor favors entry of default judgment.

### 6.  The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

Default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the policy favoring decisions on the merits does not weigh against entering default judgment where, as here, Defendant's failure to appear has made a decision on the merits impossible at this juncture. Given the prejudice to Plaintiff if default judgment is not granted as discussed above, and the merits of the allegations contained in the Complaint, granting default judgment in this case would not violate the general policy under the Federal Rules of Civil Procedure

favoring decisions on the merits. *See PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). Accordingly, the policy favoring decisions on the merits does not preclude entering default judgment against Defendant under these circumstances.

**B. Willfulness**

Copyright infringers are subject to increased liability if the infringement is willful. *See* 17 U.S.C. § 504(c)(2). "[T]o prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017) (alteration in original) (internal quotations omitted). "[E]vidence that notice had been accorded to the alleged infringer… is perhaps the most persuasive evidence of willfulness." *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1227 (7th Cir. 1991).

"Where the defendant has defaulted, willful copyright infringement is proven." *Globe Entertainment & Media, Corp. v. Global Images USA*, No. 2:20-CV-11630-CAS (KSx), 2022 WL 2703845, at *6 (C.D. Cal. July 11, 2022) (quoting *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007)); *see also Reiffer v. Shearwater Pacific Capital Mgmt. LLC*, No. 18-cv-06053-JSW (RMI), 2020 WL 7048307, at *8 (N.D. Cal. May 13, 2020) ("Allegations of willful infringement are deemed to be true on default."); *Harrington v. Equity Asset & Property Mgmt., Inc.*, No. 3:18-cv-00216-GPC-NLS, 2020 WL 209134, at *8 (S.D. Cal. Jan. 14, 2020) ("Allegations of willful infringement are deemed to be true on default.").

Here, the Complaint alleges that Defendant's conduct amounted to willful infringement of the Work. Compl. ¶ 27. Defendant's refusal to participate in this lawsuit demonstrates that Defendant had actual knowledge, or at least acted with reckless

3:25-cv-03215-JES-AHG

disregard, of the fact that its conduct infringed upon Plaintiff's exclusive copyrights in the Work.

Plaintiff took the extra step of notifying Defendant of its infringement pre lawsuit. Mot. at 13. Defendant's willfulness is further demonstrated by the fact that Defendant has refused and/or failed to remove the Work from its website, webpage, social media, and/or printed media notwithstanding multiple communications sent to Defendant (via physical mail, phone, and email) notifying it of the infringement and demanding that the Work be removed from Defendant's website, webpage, social media, and/or printed media. *Id.*; *See, e.g., Prepared Food Photos, Inc. v. Perry Wings Plus, Inc.*, No. 22-CV-61883-RAR, 2022 WL 22885965, at *3 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); *Burch v. Nyarko*, No. 06 Civ. 7022 (LAP) (GWG), 2007 WL 2191615, at *3 (S.D.N.Y. July 31, 2007) ("Nyarko's conduct [throughout this action] – reflected in his refusal to talk to [Plaintiff], to remove the photographs promptly from the website, and to respond to this suit – supports a finding of willfulness under 17 U.S.C. § 504(c)(2)."); *Schwabel v. HPT Serv., LLC*, No. 3:17-cv-791-J-34JBT, 2018 WL 4782328, at *4 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of Plaintiff filing its Motion, the Work is still published on Defendant's Facebook page.[1]

Importantly, when awarding increased damages in the context of Section 504(c)(2), "[p]unitive and deterrence policy concerns underlie the Copyright Act's statutory damages provision, and the statutory award need not be commensurate with Plaintiff's suffered harm." *Beachbody, LLC v. Power Trade Direct*, No. CV 17-2093-DMG (JEMx), 2017 WL 7806624, at *2 (C.D. Cal. Nov. 3, 2017); *Nintendo of America, Inc. v. Dragon Pacific Int'l*,

---

[1] See https://www.facebook.com/pepperfarmdeli/photos/pb.100063903019503. 2207520000/278353854257260/?type=3.

40 F.3d 1007, 1011 (9th Cir. 1994) (statutory damages for willful copyright infringement "may be designed to penalize the infringer and to deter future violations"). Here, Defendant has done just that – disregard the copyright owner and the copyright laws.

Accordingly, Defendant's default and the well-pled facts of the Complaint, which are admitted by Defendant's default, establish that Defendant's infringement of the Work was willful and deliberate.

**C. Plaintiff's Damages**

**1. Actual Damages**

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual damages for copyright infringement "are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004) (internal quotations omitted); *Goldberg v. Forum Ent., LLC*, No. 22-CV-02641-RGK-SP, 2022 WL 17078658, at *4 (C.D. Cal. Sep. 22, 2022) ("[T]he requested $50,000 is reasonable given that actual damages are often measured by the profits Plaintiff would have earned by licensing the copyrighted work to Defendant."); *Jarvis v. K2 Inc.*, 486 F.3d 526, 533 (9th Cir. 2007) (finding that actual damages are what a reasonable buyer would be required to pay a willing seller for the plaintiff's work.).

As set forth above and in the Martin Skultety Declaration, Plaintiff licenses the Work on a rights-managed basis depending on the type (i.e., website, social media, print, etc.) and length (i.e., up to 1 year, up to 3 years, up to 5 years, etc.) of use. ECF No. 12-1 ("Skultety Decl.") ¶ 12. Here, Defendant displayed the Work on multiple internal pages of its website and on its social media (Facebook). *Id.* ¶ 13. Pursuant to Plaintiff's standard/normal licensing terms, this cross-platform display would have required two (2) separate licenses – one for the website use and a separate license for social media use. *Id.*

Defendant posted the Work to its Facebook page on December 10, 2021, and the image remains as of the date of Plaintiff's motion (despite multiple notices of infringement

3:25-cv-03215-JES-AHG

and demands to remove the Work therefrom). *Id.* ¶ 14. Pursuant to Plaintiff's standard pricing calculator, the license for such social media usage for the amount of time is $8,000.00. *Id.* Plaintiff cannot determine the date on which the Work was added to Defendant's website. *Id.* ¶ 15. Tools such as the Wayback Machine and/or examining the image URL on the website did not reveal how long the Work was displayed thereon (and Plaintiff was deprived of discovery in this action to determine such). *Id.* Plaintiff discovered the website infringement in June 2024 and it remained posted for at least three months thereafter. *Id.* As such, while it is fair to assume that the Work was posted on the website at least as long as the Facebook page (and would therefore require a substantially higher license), Plaintiff cannot definitively reach that conclusion. As such, the Court accepts Plaintiff's proffer of a license price for up to 1 year (the lowest license on the pricing calculator) which equals $1,750.00. *See Id.*

Defendant's inaction and refusal to participate in this lawsuit suppressed the information necessary to fully calculate Plaintiff's actual damages. Similarly, Defendant's refusal to cooperate in this lawsuit has prevented Plaintiff from discovering any profits received by Defendant that would be recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses. To establish Defendant's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Defendant solely controls all information concerning its gross revenue related to its infringing uses of the Work, and it has stymied Plaintiff's ability to present that evidence to the Court.

In view of the foregoing, actual damages are insufficient due to Defendant's refusal to appear and participate in discovery, and Plaintiff thus elected to seek an award of statutory damages for Defendant's willful infringement of Plaintiff's copyrighted Work.

//

//

3:25-cv-03215-JES-AHG

## 2. Statutory Damages for Copyright Infringement

Pursuant to 17 U.S.C. § 504(c), Plaintiff elected to recover statutory damages for Defendant's infringement of Plaintiff's exclusive rights in the copyrighted Work, and enhancement of its statutory award based upon the willfulness of such infringement. Mot. at 9. In cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. *See* 17 U.S.C. § 504(c)(1). Where (as here) willful infringement has occurred, the Court, in its discretion, may increase an award for statutory damages up to $150,000.00. *See* 17 U.S.C. § 504(c)(2).

To determine the amount of statutory damages, courts consider such factors as:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether [the] defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

*Unicolors, Inc. v. Kohl's Dep't Stores, Inc.*, No. 2:16-CV 00393-RGK-SS, 2017 WL 2719983, at *3 (C.D. Cal. Jan. 27, 2017).

Here, Defendant's failure to participate in this lawsuit limits analysis of the foregoing factors as it is impossible (without discovery) to determine the profits earned by Defendant as a result of the infringement. Nevertheless, Plaintiff has lost significant revenue ($8,000.00 + $1,750.00 in license fees), there is a need to both deter future infringement/punish Defendant, and the infringement was clearly willful (especially given that Defendant has refused to cease displaying the Work). As a result, the Court will follow *Corson v. Atherton* and *Loiseau v. Reel Network LLC*, applying *Beachbody, LLC v. Power Trade Direct*, and award **$50,000.00** for Defendant's willful infringement. This is 33.33% of the maximum ($150,000.00) penalty that the Court can impose.

The Court finds that it is well within the Court's discretion to award substantial damages to Plaintiff upon a finding of willfulness. The Supreme Court instructs that "[t]he statutory rule, formulated after long experience not merely compels restitution of profit and

reparation for injury but also is designed to discourage wrongful conduct." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952).

Given the circumstances of the instant case, an award of statutory damages in the amount of $50,000.00 under 17 U.S.C. § 504(c)(2) is appropriate to compensate Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages, and to deter future violations of copyright law.

**D. Costs and Attorneys' Fees**

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party… the court may also award reasonable attorney's fee to pay the prevailing party as part of the costs." Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of Defendant's infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorneys' fees to Plaintiff is appropriate.

The Court finds that an award of attorneys' fees and costs is appropriate here. Defendant's conduct, failure to engage Plaintiff in an attempt to pay a reasonable licensing fee, and failure to participate in this lawsuit resulted in unnecessary fees and costs being incurred. The Court has reviewed the declaration of Plaintiff's counsel filed together with the Motion and finds such declaration to support the amount of costs being sought. *See generally* ECF No. 12-2 ("Hausman Decl.").

The Court finds that the costs sought by the Motion ($490.00) are taxable against Defendant. These costs consist of the filing fee for this lawsuit and the service of process costs.

Having concluded Plaintiff is entitled to attorneys' fees, the Court must now determine the reasonableness of Plaintiff's requested fee amount. The Court has performed the lodestar analysis and finds that Plaintiff's counsel Lauren Hausman ("Ms. Hausman") reasonably expended 5.60 hours in connection with pursuing this matter. The Court further finds that $325.00 is a reasonable hourly rate for Ms. Hausman in this action given the

3:25-cv-03215-JES-AHG

complexity of the matter, the results obtained, and the experience of Ms. Hausman which the Court found to be substantial.

Ms. Hausman is a 2021 graduate of the Elon University School of Law, magna cum laude, and is admitted to the Florida Bar and the California Bar. Hausman Decl. ¶ 15. Ms. Hausman is likewise admitted to several federal courts throughout the country, including: the United States District Court for the Southern District of Florida; the United States District Court for the Middle District of Florida; the United States District Court for the Northern District of Florida; the United States District Court for the District of New Mexico; the United States District Court for the Northern District of California; the United States District Court for the Southern District of California; the United States District Court for the Central District of California; the United States District Court for the Eastern District of California; and the United States District Court for the Eastern District of Missouri. *Id.* Prior to starting with CopyCat Legal in 2022, Ms. Hausman interned with the Florida State Attorney's Office for the Seventeenth Judicial District, volunteered as a student attorney in the Elon Law Humanitarian and Immigration Law Clinic, and served as a Judicial Extern for a federal Judge for the Fourth Circuit Court of Appeals. *Id.* ¶ 16.

Given the above, the Court has calculated the lodestar amount to be **$1,820.00**.

**E.  Entry of a Permanent Injunction is Appropriate**

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. "Section 502(a) of the Copyright Act specifically provides for injunctive relief in circumstances such as those requiring prevention of continued copyright infringement by a defendant." *Sony Music Entertainment v. Miernicki*, No. 09-CV-8084 PCT-PGR, 2009 WL 2382404, at *1 (D. Ariz. Aug. 3, 2009). "Injunctions are regularly issued pursuant the mandate of Section 502 in order to protect the public's interest in upholding copyright protections." *Luminence,*

17

*LLC v. Top Lighting Corp.*, No. 17cv1110-WQH-BLM, 2017 WL 6509582, at *4 (S.D. Cal. Dec. 20, 2017) (internal citations omitted).

As established by the well-pled facts of the Complaint and admitted by Defendant's default, this Court has proper jurisdiction over this action. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. For example, the ability of Defendant to use Plaintiff's work for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the work, since others competing in that business or in related business areas, will not want to obtain a license to Plaintiff's works if it is already associated with a competing business; and potential licensees of Plaintiff will not want to pay license fees to Plaintiff if they see other commercial enterprises taking and using Plaintiff's photographs for their own commercial purposes without paying any fee at all.

Accordingly, this Court will enter a permanent injunction against Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, prohibiting it from (a) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

## V.    CONCLUSION

Judgment is hereby entered in favor of plaintiff, Image Professionals GmbH against defendant Francis Waters, Inc. as follows:

1. Plaintiff shall recover from Defendant the principal sum of **$52,310.00** for which let execution issue. The foregoing sum consists of $50,000.00 in statutory damages for copyright infringement, $1,820.00 in attorneys' fees, and $490.00 in costs.

18

2. Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant are permanently enjoined from (a) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

The Clerk of Court is directed to close the case and enter judgment accordingly.

**IT IS SO ORDERED**.

Dated:  July 21, 2026

Honorable James E. Simmons Jr.
United States District Judge

19

3:25-cv-03215-JES-AHG